USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/10/2025

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JADYN NEWMAN, individually, and on behalf of classes of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>AUDIENCEVIEW TICKETING CORPORATION AND UNIVERSITYTICKETS.COM, INC.,<br><br>Defendants. | Case No 1:23-cv-03764-VEC |
| RICHARD Z. TOLEDO, individually, and on behalf of classes of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>AUDIENCEVIEW TICKETING CORPORATION AND UNIVERSITYTICKETS.COM, INC.,<br><br>Defendants. | Case No 1:23-cv-05626-VEC<br><br>CONSOLIDATED WITH 1:23-CV-03764-VEC |

**ORDER AND FINAL JUDGMENT**

THIS CAUSE is before the Court on Plaintiffs' (1) Motion for Final Approval of Class Action Settlement and (2) Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards. Due and adequate notice having been given to the Settlement Class, and the Court having considered the Settlement Agreement and Release, dated August 23, 2024 (Dkt. 63-1) ("Settlement Agreement"), all papers filed, and proceedings had herein, and all oral and written comments received regarding the proposed Settlement, and having reviewed the record in this litigation, and good cause appearing, IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

1. For purposes of this Final Judgment and Order of Dismissal ("Judgment"), the Court adopts all defined terms as set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the litigation, Class Representatives Jadyn Newman and Richard Z. Toledo, the Settlement Class Members, and the Defendants AudienceView Ticketing Corp. and UniversityTickets.com (collectively the "Settling Parties").

3. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and for purposes of, and solely in connection with, the Settlement, the Court maintains certification of this action as a class action on behalf of the following Settlement Class:

> All persons who were sent notification by AudienceView Ticketing Corporation that their payment card information was or may have been compromised in the Data Incident.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court maintains Jadyn Newman and Richard Z. Toledo as Class Representatives.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of

the Settlement only, the Court maintains Kiley Grombacher of Bradley Grombacher LLP and Brian Murray of Glancy Prongay & Murray LLP as Lead Counsel.

6. The Parties have complied fully with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

7. Based on evidence and other material submitted in conjunction with the Final Approval Hearing, the Court hereby finds and concludes that (1) EisnerAmper is finally approved as Claims Administrator; (2) the Postcard and Email Notices were disseminated to members of the Settlement Class in accordance with the Settlement Agreement and the Court's Preliminary Approval Order and (3) the Notice, the Claim Form, and the Settlement Website complied with this Court's Preliminary Approval Order.

8. In accordance with Federal Rule of Civil Procedure 23, excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) Defendants, their subsidiaries, parent companies, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline. The two exclusions are as follows:

| Count | Name | State | Date Received |
|---|---|---|---|
| 1 | Katherine M. Liapis | WI | 12/20/24 |
| 2 | William G. Robinson | VT | 1/7/2025 |

9. The Court finds that the Settlement Agreement is the product of arms'-length settlement negotiations between the Settling Parties.

10. The Court finds and concludes that the Settlement is fair, reasonable, and adequate and should be approved.

11. The Court hereby approves the Settlement (as set forth in the Settlement Agreement),

the releases of the Released Claims, and all other terms in the Settlement Agreement, as fair, just, and reasonable as to the Settling Parties. The Court therefore finally approves the settlement for all the reasons set forth in the Motion for Final Approval including, but not limited to, the fact that the Settlement Agreement was the product of informed, arms-length negotiations between competent, able counsel and conducted with the oversight and involvement of an independent, well respected, and experienced mediator; the litigation involved disputed claims, and this dispute underscores the uncertainty and risks of the outcome in this matter; the settlement provides remedial and monetary benefits for the disputed claims; and the Parties were represented by qualified counsel who, throughout this case, adequately represented their respective parties' interests. The Court finds that there was no collusion in reaching this Settlement Agreement.

12. The Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement. However, without seeking further Court approval, the Settling Parties may jointly agree to make changes to the Settlement Agreement, including to the manner in which the claims process shall be administered, provided that those changes do not reduce the benefits to which Settlement Class Members may be entitled, increase the burden on Settlement Class Members in making a Claim, or otherwise materially alter the Settling Parties' obligations under the Settlement and the Settlement Agreement.

13. By this Judgment, the Releasing Parties shall be deemed to have (and by operation of the Judgment shall have) fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.

14. This action is dismissed with prejudice. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise expressly provided in the Settlement Agreement and in this Judgment.

15.  Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (1) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made in this action, or (2) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission by Defendants in the Action or in any proceeding in any court, administrative agency or other tribunal.

16.  If for any reason the Effective Date does not occur, then (1) the certification of the Settlement Class shall be deemed vacated, and (2) the Settling Parties shall return to the status quo ante in the litigation as it existed prior to this Court's Order granting preliminary approval, without prejudice to the right of any of the Settling Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

17.  Upon consideration of Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards, the Motion is GRANTED IN PART. Consistent with the terms of the Settlement Agreement and the Court's findings at the Fairness Hearing, Defendants shall pay (1) Class Counsel $87,500 in attorneys' fees and $16,385.27 in litigation expenses, and (2) $2,500 each to Jadyn Newman and Richard Z. Toledo.

18.  Any unclaimed funds or other *cy pres* distributions under the Settlement Agreement shall go to the St. John's University School of Law Consumer Justice for the Elderly Litigation Clinic, which provides services to the elderly community that has a "direct and substantial nexus" to the interests of the class and the nature of this action.  *See Hyand v. Navient Corp.,* 48, F.4th 110, 121-22 (2d Cir. 2022). Such distributions may be made without further order of the Court.

19.  Upon entry of the Final Approval Order and Judgment, the Class Representatives and other Settlement Class Members shall be enjoined from prosecuting any claim they have released

4

in the preceding paragraphs in any proceeding against any of the Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by the Settlement Agreement or by the Final Approval Order. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding.

20. This document is a final, appealable order, and shall constitute a judgment for purposes of Rules 54 and 58 of the Federal Rules of Civil Procedure. By incorporating the Settlement Agreement's terms herein, the Court determines that this Final Judgment complies in all respect with Federal Rule of Civil Procedure 65(d)(1).

21. The Court shall retain jurisdiction over the implementation, enforcement, and performance of the Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation, and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

**IT IS SO ORDERED.**

Entered this 10th day of April, 2025.

_____
Hon. Valerie Caproni
United States District Judge